Geri N. Kahn, Cal. Bar #148536
400 Montgomery Street, Suite 810
San Francisco, CA 94104
Tel. (415) 397-5446
Fax (415) 392-8208
Email: gkahn@pacbell.net

Attorney for Abdullah Ali

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Abdullah ALI,** | Civil No. 08 00126 WDB |
| Plaintiff, | PETITION FOR HEARING ON NATURALIZATION APPLICATION PURSUANT TO 8 USC SECTION 1447(b) |
| vs. | |
| Department of Homeland Security, Michael Chertoff, Secretary; US Attorney General, Michael B. Mukasey; United States Citizenship and Immigration Services, Emilio T. Gonzalez, Director; United States Citizenship and Immigration Services, Alfonso Aguilar, Chief; United States Citizenship and Immigration Services, Rosemary Melville, District Director; and Robert Mueller, III, Director of Federal Bureau of Investigation | USCIS Case No.: A45 767 756 |
| Defendants. | |

Plaintiff, by his attorney, complaining of Defendants, alleges as follows:

1. Plaintiff is an individual and resident of the United States who resides in the jurisdiction of this Court. Plaintiff's claim to naturalization arises under 8 United States Code (hereinafter "USC") Section 1421.

///

///

///

2. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (hereinafter "DHS"). Defendant Michael B. Mukasey is the Attorney General of the United States. Defendant Emilio T. Gonzalez is the Director of the United States Citizenship and Immigration Services (hereinafter "USCIS"). Defendant Alfonso Aguilar is the Chief of the Office of Citizenship in USCIS. Defendant Rosemary Melville is the District Director of the San Francisco USCIS district office. Defendant Robert S. Mueller, III, is the Director of the Federal Bureau of Investigations (FBI), the law enforcement agency that conducts security clearances for other U.S. government agencies, such as the Department of Homeland Security. All Defendants are sued herein in their official capacities. Defendants are responsible for the grant or denial of naturalization applications filed with the San Francisco district office of USCIS pursuant to 8 USC Sections 1421, 1427, 1446 and 8 Code of Federal Regulations (hereinafter "CFR") Sections 2.1, 103.1(b), 310.2, 316.3.

3. The Court has jurisdiction of this action pursuant to 8 USC Sections 1447(b) and 2201.

4. On or about February 7, 2005, Plaintiff filed his application for naturalization with USCIS.

5. On or about December 1, 2005, Defendants and their designated agent examined Plaintiff on his application at the Oakland sub-office of USCIS. He was examined again on March 2, 2006.

6. At his examination on March 2, 2006, Defendants' agent told Plaintiff that he had passed his examination. He was told that his case could not be approved at that time because the required background checks had not yet been completed.

7. On July 25, 2007, Plaintiff checked on the status of his case by making an InfoPass appointment at USCIS. He was told that it was still pending due to background checks.

///

8. On July 17, 2007, Plaintiff submitted a FOIA request to the FBI. In a letter dated, August 29, 2007, the FBI informed Plaintiff that there were no records found pertaining to him.

9. Plaintiff understands the necessity of a background check but he was examined more than a year and ten months ago and Defendants have made no decision on his application. Defendants have been unable to provide any estimate as to when they will adjudicate his application and they allege that they cannot adjudicate it until the background checks have been completed. It is Plaintiff's position that a year and ten months is more than a reasonable amount of time in which to conduct background checks in his case.

10. Plaintiff does not have a criminal record anywhere in the world. There is no reason that Plaintiff can discern as to why his case has been unduly delayed.

11. Plaintiff has been severely prejudiced by the lack of adjudication in his case. Plaintiff's wife and child live in Yemen. He petitioned for them in September 2006 to immigrate as the spouse and child of a permanent resident. (This is the second preference visa category.) He will need to wait approximately three and a half years for them to come given the current priority date processing. If he were a citizen, they would immediately be eligible to immigrate. In addition, Plaintiff would like the right to vote in the next election and would like the ease of travel available with a U.S. Passport.

12. The Defendants' failure to make a determination of Plaintiff's application within 120 days after his examination allows Plaintiff to bring the matter to this Court for a hearing pursuant to 8 USC Section 1447(b).

13. Plaintiff desires a judicial determination of his naturalization application and a declaration that he is entitled to be naturalized as a citizen of the United States.

\\\

1   WHEREFORE, Plaintiff prays that:

2   1. The Court will hear Plaintiff's case and render a declaratory judgment that he is entitled
3      to be naturalized;
4   2. The Court award Plaintiff reasonable attorney's fees under the Equal Access to Justice
5      Act; and
6   3. The Court grants such further relief as may be just, lawful and equitable to the premises.

Dated this 7th day of January, 2008

/s/ Geri N. Kahn
Geri N. Kahn
400 Montgomery Street,
Suite 810
San Francisco, CA 94104

## CERTIFICATION OF INTERESTED ENTITES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: January 7, 2008                    Respectfully submitted,

                                          /s/ Geri N. Kahn

                                          Geri N. Kahn
                                          Attorney for Plaintiff